UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan,               ) | C/A No. 5:15-cv-00871-TMC-KDW |
|                                ) | |
|             Plaintiff,   ) | |
|                                ) | |
|  vs.                      ) | |
|                                ) | REPORT AND RECOMMENDATION |
| Michael McCall;                ) | (partial summary dismissal) |
| Florence Mauney;               ) | |
| Dennis Bush;                   ) | |
| Sgt. Lawless;                  ) | |
| Sgt. Lindsey;                  ) | |
| Lt. Church;                    ) | |
| Lt. Lasley;                    ) | |
| Lt. Terry,                     ) | |
| Major Mursier;                 ) | |
| Assistant Warden Lewis;        ) | |
| Warden Cartledge;              ) | |
| Ms. Saltsburg;                 ) | |
| DHO Glidwell;                  ) | |
| Coach Rowe;                    ) | |
| Ashley Maddox;                 ) | |
| IGC Talbert;                   ) | |
| Ms. Williams;                  ) | |
| Sgt. Young;                    ) | |
| Cpl. Morton;                   ) | |
| Ann Hallman;                   ) | |
| SCDC;                          ) | |
| ALC Clerk;                     ) | |
| ALC;                           ) | |
| Clerk of SC Court of Appeals; and ) | |
| SC Court of Appeals, et al,,   ) | |
|                                ) | |
|             Defendants.   ) | |
|                                ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

T. Terell Bryan ("Plaintiff") alleges that officials at Perry Correctional Institution (Defendants Florence Mauney, Dennis Bush) and at McCormick Correctional Institution (Defendants Lt. Terry, Assistant Warden Lewis, Warden Cartledge, and Ms. Saltsburg) breached or assisted in the breach of a "contract" that he had entered into in 2012 with the warden at Perry Correctional Institution: Defendant Michael McCall. Compl. 3-6, ECF No. 1. Plaintiff alleges that Defendants McCall and Mauney promised him that if he (Plaintiff) would end his civil lawsuits against South Carolina Department of Corrections ("SCDC"), he would be let out of disciplinary detention ("DD") and be put "back on the yard." ECF No. 1 at 4. Plaintiff alleges that he performed his side of the contract by throwing away his "legal work," that his DD time was then "waived," and he was placed back on the yard at Perry in June 2012. However, he continues that, within a short time, he was again put in DD at Perry "for no reason" and was subsequently transferred to McCormick. *Id*. at 3. Plaintiff alleges that all of the Defendants who worked at Perry, including Defendants Sgt. Lawless, Sgt. Lindsey, and Lt. Lasley were angry when he was allowed to go onto the yard and that Defendant Lindsey retaliated against him for his testifying on behalf of another inmate by reading and taking some of his legal paperwork. *Id*. at 20. Plaintiff also alleges that Defendant Lasley threatened to "trip [Plaintiff] up 'accidentally'" if he didn't "stop with the paperwork," and that his "D/D time [was] reinstated" because he was unable to provide information about an incident in which Defendant Lasley was allegedly "battered." *Id*. at 20-21.

Plaintiff alleges that when he arrived at McCormick, he met with Defendants Cartledge and Lewis on September 4, 2013, and reached a similar "agreement" about getting off of DD if he would "stop suing SCDC." *Id*. at 4. Plaintiff alleges that this "oral contract" was entered at McCormick ("the McCormick contract") and that Defendants Terry, Mursier, and Saltzburg were aware of the McCormick contract and assisted as witnesses or go-betweens in negotiations and writings confirming the

2

agreement. *Id*. at 5. Plaintiff alleges that Defendant Cartledge breached the contract on March 24, 2014, when he refused to sign a document that had been prepared to memorialize the contract and told Plaintiff that "he has no intent of waiving any of [Plaintiff's] D/D time or EVER letting [Plaintiff] to the yard." *Id*. at 6.

Plaintiff also alleges that Defendants Terry, Maddox, Talbert, and Morton conspired to retaliate against him for filing a grievance against Defendant Morton. *Id*. at 7. He asserts that Defendant Talbert improperly told Morton about the grievance against her and that on "the very next day" (November 6, 2012), Morton filed an incident report that resulted in disciplinary charges against Plaintiff. *Id*. He further alleges that Defendant Talbert told Defendant Terry about the grievance Plaintiff had filed against Defendant Morton and that Terry then told both Defendants Morton and Maddox to "write [Plaintiff] up for masturbating . . . ." *Id*. at 18. Plaintiff also alleges that Defendant Church stared at him on July 9, 2012, for "about 30 seconds" while Plaintiff was in the shower and on the toilet in order "to satisfy his lustfull [sic] eyes & other sexual desires," thereby committing "sexual assault" on Plaintiff. *Id*. at 19-20.

Plaintiff further alleges that he was defamed, subjected to cruel and unusual punishment, and that his due-process rights to present witnesses of his behalf and confront witnesses against him were violated by Defendants Morton and Glidewell ("the DHO") at a December 3, 2012 disciplinary hearing. That hearing was held on a charge that resulted from an allegedly retaliatory November 6, 2012 incident report filed by Defendant Morton.[1] *Id*. at 6-12. The documents provided by Plaintiff in support of his Answers to the Court's Special Interrogatories show that Plaintiff was convicted of the charge and, as

---

[1] Plaintiff provided different dates in his Complaint for the subject incident report and for the disciplinary hearing on that charge; however, the correct dates were provided through Plaintiff's Answers to the Court's Special Interrogatories and the supporting documents Plaintiff provided. ECF Nos. 17, 17-1.

part of the sanctions issued, 36 days of good-time credits were taken from Plaintiff. ECF No. 1-1 at 1. According to the supporting documents attached to the Complaint, this disciplinary conviction was reversed by the South Carolina Administrative Law Court ("Defendant ALC") on December 20, 2013, based on a finding that Plaintiff's constitutional rights were violated by the DHO's refusal to allow Plaintiff to present witnesses on his behalf. ECF No. 1-1 at 37-38. Plaintiff further alleges denial of due process (refusal to call witnesses, prejudicial transcription of witness statements, and "cut off" of questioning) by Defendants Maddox, Williams, Rowe, and the DHO in connection with a different disciplinary hearing held March 18, 2013 on a charge that resulted from a February 20, 2013 incident report also filed by Defendant Maddox. ECF No.1 at 13, 16-18.[2] The documents provided by Plaintiff in support of his Answers to the Court's Special Interrogatories show that Plaintiff was convicted of the charge that was the subject of the March 15, 2013 hearing, and, as part of the sanctions imposed, nine days of good time credits were taken from Plaintiff. ECF No. 1-1 at 2; *see also* ECF No. 1 at 15. Additionally, Plaintiff alleges constitutional violations by Defendants Maddox, the DHO, Williams, and Rowe in connection with a third disciplinary hearing that was held on January 6, 2014 on charges based on another incident report filed against Plaintiff on December 22, 2013. ECF No. 1 at 9, 15-17, 22. The documents provided by Plaintiff in support of his Answers to the Court's Special Interrogatories regarding this particular charge and hearing are extremely difficult to read; however, they are sufficiently clear to show that Plaintiff was convicted of the subject charge, and that, as part of the sanctions issued, one or more days of good time credits were taken from him.[3] ECF No. 1-1 at 3. There

---

[2] Although Plaintiff states in his Answers to the Court's Special Interrogatories that this hearing was held on March 15, 2013, the supporting document attached to his Answers shows a hearing date of March 18, 2013. ECF No. 17-1 at 2.

[3] The document appears to show that 60 days of good time were taken, but it so difficult to read that the exact number of days taken is not completely clear. For purposes of this Report, it is only relevant that one or more days of good-time credits were taken as part of the sanctions.

4

are no allegations in the Complaint or documents provided by Plaintiff showing that either the March 18, 2013 or the January 6, 2014 disciplinary-violation convictions has been reversed on appeal or otherwise overturned. Plaintiff also alleges due-process violations by Defendants Young, Williams, and the DHO in connection with a fourth disciplinary hearing that was allegedly conducted on an undisclosed date on charges allegedly resulting from a January 2, 2014 incident report filed by Defendant Young. ECF No. 1 at 22-23. Plaintiff did not provide any supporting documents for this hearing and he does not allege what sanctions were imposed following the hearing. However, he alleges that the result was that the case was "overturn[ed] . . . because of procedural errors during the disciplinary hearing" and states that "on rehearing [he] was found not guilty." *Id*. at 24.

Plaintiff also alleges that Defendant ALC and its Clerk ("Defendant ALC Clerk") denied him "equal protection" and "due process" and "access to court" in April 2014 because one of his appeals from a disciplinary-violation conviction was rejected by the ALC because he did not pay the $25.00 filing fee. *Id*. at 24-25. Plaintiff alleges that the appeal was rejected based on a court policy that requires payment of the fee after a prisoner has filed over three such appeals without paying a filing fee in a calendar year. *Id*. at 24; *see* ECF No. 1-1 at 43 (copy of memorandum from ALC Clerk's Office). Plaintiff also asserts that Defendants S.C. Court of Appeals and Defendant Clerk of S.C. Court of Appeals violated his due-process/access-to-courts rights by failing to docket an appeal that he alleges he filed with them on October 14, 2014, but that Defendant Clerk told him was not received by the court. *Id*. at 26-28.

Finally, Plaintiff seeks a declaratory judgment from this court including a ruling that "female officers [in SCDC] are being discriminated against &/or not being offered equal employment. He claims that this alleged discrimination affects him because it "creates an environment of Favoritism . . ." and encourages male officers such as Defendants Terry and Lewis to have "a sense of power over women."

*Id*. at 28-32. He asks for injunctive relief on these allegations in the form of issuance of an order to show cause to "the defendants" requiring them to tell the court "why female officers are being discriminated against, denied being offered equal employment . . . ." *Id*. at 32. Plaintiff also seeks compensatory and punitive damages and asserts that he is "in 'imminent danger of serious physical injury'" because of his status as a mentally ill prisoner who has been placed "in segregation for about 11 years." *Id*. at 33.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

    A.   Implausible Claims Against State Agency, Courts, and Clerks of Court

Initially, the Complaint should be partially summarily dismissed insofar as it seeks to impose liability for constitutional violations pursuant to 42 U.S.C. § 1983 against Defendants SCDC (South Carolina Department of Corrections), ALC, and S.C. Court of Appeals. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted). Plaintiff's allegations that Defendant SCDC violated his federal constitutional rights and two state courts violated his rights under the United States Constitution to access to courts (First Amendment) and due process and equal protection (Fourteenth Amendment) by failing to docket certain of Plaintiff's appeals are the kinds of allegations against state actors commonly raised in this court through § 1983 claims, and no other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations as to these Defendants is evident from the face of the Complaint. Plaintiff's allegations against SCDC and the two courts fail to state a plausible § 1983 claim against any of them in this court because any such claim is barred by the Eleventh Amendment to the United States Constitution. *See Harris v. Mo. Ct. of App., W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (state courts are immune from § 1983 claims under the Eleventh Amendment); *Coffin v. S.C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983) (state agencies are immune from § 1983 claims under the Eleventh Amendment); *Singleton v. 10 Unidentified U.S. Marshals*, No. 2:11-1811-TLW-JDA, 2011 WL 4970779, at n.16 (Sept. 1, 2011) (South Carolina state

court in entitled to Eleventh Amendment Immunity from federal lawsuits), *adopted*, 2011 WL 5005271 (D.S.C. Oct. 19, 2011). Furthermore, the Complaint should be partially summarily dismissed insofar as it seeks to impose § 1983 liability on either Defendant ALC Clerk or Defendant Clerk of S.C. Court of Appeals based on the same factual allegations about the Clerks' failure or refusal to docket certain appeals that Plaintiff allegedly submitted to them. Plaintiff alleges that these two Defendants rejected or failed to process his proposed appeals in connection with the performance of their judicially-related job duties in that 1) the ALC Clerk rejected Plaintiff's appeal in reliance on the Clerk's interpretation of court policy regarding the number of administrative appeals that state prison inmates may file without fee payment in a calendar year, and 2) the Clerk of the S.C. Court of Appeals responded to Plaintiff's inquiry about an appeal he allegedly submitted to that court by informing him that the court had not received his notice of appeal. In performing such judicially related activities involving following rules of a court or acting pursuant to authority delegated by a court, personnel such as Clerks of Court are entitled to quasi-judicial immunity from lawsuits such as this one. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Ct. of Lehigh Cnty.*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendant Clerks because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (June 3, 2011) (collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

B.  Non-plausible Claims Against SCDC Employees

The Complaint should also be partially summarily dismissed as far as Plaintiff seeks to impose § 1983 or any other form of liability on Defendants Sgt. Lawless, Sgt. Lindsey, Lt. Church, Lt. Lasley, Ashley Maddox, and/or Ann Hallman because Plaintiff's allegations against these persons fail to state plausible claims for relief against them. Insofar as Defendants Lawless, Lindsey, and Lasley are concerned, Plaintiff alleges that they retaliated against him for entering the Perry contract or testifying in a federal action filed by another inmate by threatening him with potential harm (Lasley), taking some of his personal property from him (Lindsey), and filing a report of battering against no one in particular that allegedly caused Plaintiff to be interviewed by investigators (Lawless). ECF No. 1 at 20-21. It is settled that state officials may not retaliate against an inmate for exercising his constitutional rights. *See American Civ. Liberties Union v. Wicomico County*, 999 F.2d 780, 785 (4th Cir.1993). However, "bare assertions of retaliation do not establish a claim of constitutional dimension." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). To state a plausible retaliation claim under § 1983, an inmate "must allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the inmate's exercise of [the subject constitutional right] and show that he suffered more than de minimis inconvenience." *Goodman v. Smith*, 58 F. App'x 36, 38 (4th Cir. 2003) (citing *Wicomico*, 999 F.2d at 785-86). In fact, the Fourth Circuit Court of Appeals has stated that "[i]n the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996).

While Plaintiff conclusorily alleges that these Defendants' actions were taken against Plaintiff "in retaliation" for his testimony on behalf of another inmate or for the Perry contract, this court is not required to accept such legal conclusions as true when the factual allegations do not support such

9

conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Adams v. Rice*, 40 F.3d at 75. This is particularly applicable to Plaintiff's allegations against these three corrections officers at Perry Correctional Institution because Plaintiff's factual allegations against them are not sufficient to satisfy the Fourth Circuit's pleading requirements for a plausible claim. First, Plaintiff does not allege any facts that would support a finding that he was inconvenienced in more than a de minimis way by the actions that these Defendants allegedly took "against" him or that the Defendants' actions had any effect on his exercise of constitutional rights. Additionally, Plaintiff's factual allegations about what these Defendants did in response to his testimony or with his entry into the alleged contract do not show that any of their actions rose to level of a plausible violation of Plaintiff's constitutional rights. Defendant Lindsey's alleged actions of reading and possibly removing some of Plaintiff's legal documents do not rise to the level of a constitutional violation because Plaintiff has not alleged that he suffered any special injury from the allegedly missing legal documents such as an inability to pursue a particular lawsuit and because Plaintiff has a viable, alternative state remedy under the South Carolina Torts Claim Act against Defendant Lindsey for the alleged taking of his personal property.[4] *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no § 1983 claim for loss of personal property when adequate state remedy is available); *Mora v. City of Gaithersburg*, 519 F. 3d 216, 230-31 (4th Cir. 2008) (same). Also, Defendant Lasley's alleged threats to trip Plaintiff or otherwise inflict harm on him, without any physical attack by the Defendant or physical injury to Plaintiff, do not show unconstitutional behavior. *See Cameron v. Bonney*, 523 F. App'x 969, 970 (4th Cir. 2013) (allegations of verbal abuse do not state a plausible § 1983 claim). Finally, as far as

---

[4] The court expresses no opinion as to the success of any such action.

Defendant Lawless is concerned, the only allegations against him are that he was "battered" by someone and that an investigation into the incident involved Plaintiff being interviewed. Although Plaintiff asserts that he was placed back into DD "[b]ecause [he] could tell them nothing . . . ," ECF No. 1 at 21, he does not allege that Defendant Lawless, personally, caused him to be returned to DD or that Defendant Lawless personally did anything harmful to Plaintiff. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (specific allegations of personal wrongdoing by the individual state actor resulting in injury to the plaintiff required to state plausible § 1983 claim); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued).

The same pleading defect (failure to allege personal wrongdoing of a defendant) is present in the Complaint under review with respect to Defendant Ann Hallman, thus requiring that the Complaint be partially summarily dismissed as far as it seeks to impose liability on her. Plaintiff's only mention of Defendant Hallman within the body of the pleading is his statement that she received (or possibly responded to) a "RTSM" (Request to Staff Member) that Plaintiff allegedly sent on October 14, 2014 seeking information about the circumstances surrounding his return to DD and the reinstatement of his DD time. ECF No. 1 at 3. It is settled that receiving and/or responding to prison grievances is not sufficient personal involvement in the matters grieved to impose liability under § 1983 on the person who received and/or responded to the grievance. *See Green v. Beck*, 539 F. App'x 78, 81 (4th Cir. 2013); *see also Miles v. Aramark Corr. Serv.*, 236 F. App'x 746, 751 (3d Cir. 2007); *Rogers v. United States*, 696 F. Supp. 2d 472, 488-89 (W.D. Pa. 2010).

Plaintiff's allegations also fail to state a plausible § 1983 claim against Defendant Lt. Church and the Complaint should be partially summarily dismissed as to this Defendant as well. The only allegation

11

against Defendant Church is that he committed "sexual assault" when he looked at Plaintiff for 30 seconds while Plaintiff was on the toilet. ECF No. 19-20. Although a prisoner may be able to state a plausible § 1983 claim against a prison guard for sexual assault or harassment under certain circumstances, Plaintiff's factual allegations that Defendant Church looked at him on one day "for 30 seconds" while Plaintiff was using the bathroom fail to rise to the level of sexually related activity by this Defendant to impose § 1983 liability. *See Timm v. Gunter*, 917 F.2d 1093, 1101-02 (8th Cir. 1990) (minimal intrusions on privacy outweighed by institutional concerns for safety and equal employment opportunity); *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988) (infrequent or casual observation does not warrant court interference); *Johnson v. Pa. Bureau of Corr.*, 661 F. Supp. 425, 431 (N.D. Pa. 1987) (occasional inadvertent encounter not actionable); *see also Adams v. Thompson*, C/A No. 3:07-3884-DCN-JRM, 2008 WL 8099780, *4 (Dec.19, 2008) (inadvertent observation by female guard of undressed male inmate does not violate inmate's right to privacy), *adopted*, 2009 WL 6891894 (D.S.C. Jan. 13, 2009).

      The Complaint should also be partially summarily dismissed to the extent that Plaintiff seeks to impose liability under § 1983 or under any other kind of claim on Defendant Ashley Maddox. Plaintiff's factual allegations against Defendant Maddox are that she violated his due-process, equal-protection, and other constitutional rights and defamed him when she filed an incident report on February 20, 2013 charging him with a disciplinary violation and that she participated as a witness in the subsequent March 18, 2013 disciplinary hearing that resulted in Plaintiff's conviction for the charged offense. ECF No. 1 at 13, 16-18. Because Plaintiff was convicted on the disciplinary charge that arose from the subject incident report and one of the sanctions imposed on that conviction was the loss of good-time credits, and because Plaintiff does not allege that the conviction was overturned on appeal or otherwise

invalidated, this court cannot consider Plaintiff's allegations against her except by way of a habeas corpus action. It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). *Cf. Muhammad v. Close,* 540 U.S. 749, 755 (2004) (§ 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction). The holdings of *Heck* and *Preiser*, insofar as applicable to challenges to prison disciplinary procedures under which forfeited good-time credits may be restored were confirmed by the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Referencing both *Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997) and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> . . . .
>
> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought – restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release – was available in habeas.

544 U.S. at 82, 86 (emphasis in original) (citations omitted); *see, e.g., Cabbagestalk v. Hardin*, No. 5:13–cv–2974–RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at \*5 (D.S.C. July 28, 2008), *aff'd*, 308 F. App'x 692 (4th Cir. 2009) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible

relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated."). Moreover, § 1983 does not impose liability for state-law-based claims such as defamation, *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law), and this court cannot consider a state-law-based defamation claim in the absence of diversity or supplemental jurisdiction, neither of which are available insofar as Defendant Maddox is involved. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992) (state-law-based claims may be considered under diversity jurisdiction when complete diversity is present); *see also Paul v. Davis*, 424 U.S. 693, 697-710 & nn.3-4 (1976) (alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983).

      C.     Inplausible Claims Against Any Defendant

The Complaint should also be partially summarily dismissed to the extent that Plaintiff seeks to impose § 1983 liability on any Defendant for constitutional violations that allegedly occurred in connection with the disciplinary charges or convictions that resulted from hearings on either March 18, 2013 or January 6, 2014. Because Plaintiff's allegations and supporting documentation show that he was convicted of the disciplinary charges on which those hearings were held and sanctioned to loss of accrued good-time credits, Plaintiff may not assert constitutional claims allegedly arising from those charges, hearings, or convictions in a § 1983 complaint. *See Wilkinson v. Dotson*; *Heck v. Humphrey*; *Cabbagestalk v. Hardin*; *Battle v. Eagleton.*

Finally, the Complaint should be partially summarily dismissed to the extent that Plaintiff seeks a declaratory judgment that SCDC discriminates against female guards. As a pro se litigant, Plaintiff may only sue for his own, personal injuries and may not interpose claims on behalf of other persons. *See*

14

*Estate of Kerner v. United States*, 895 F.2d 1159, 1162 n.3 (7th Cir. 1990) (litigant may only sue for "his own legal rights and interests . . . .") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see also Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 WL 925760, at *1 (S.D. Cal. Feb. 28, 2007) (pro se litigant may only represent himself or herself); *Harris v. Philadelphia Police Dept.*, No. 06-CV-2192, 2006 WL 3025882, at *3 (E.D. Pa. Oct. 20, 2006) (same; collecting cases). Plaintiff's conclusory allegations that SCDC's treatment of female employees adversely affects his own rights as an inmate are too speculative to support any declaratory judgment from this court of the type that Plaintiff seeks. *See Eccles v. Peoples Bank*, 333 U.S. 426, 431 (1948) (declaratory judgments should not be entered "unless the need for equitable relief is clear, not remote or speculative"); *Walker v. St. Farm Mut. Auto. Ins. Co.*, No. 5:11-cv-00529, 2013 WL 2949042 (S.D.W. Va. June 14, 2013) ("Although declaratory judgments are frequently sought in advance of the full harm, there must be an actual controversy as opposed to abstract, hypothetical or speculative questions.").

IV.     Recommendation

Accordingly, because the noted defects in Plaintiff's pleading cannot be corrected through amendment, it is recommended that the district court partially summarily dismiss the Complaint in this case *with prejudice* insofar as it seeks to impose any liability for relief against Defendants SCDC, ALC, ALC Clerk, Clerk of S.C. Court of Appeals, and S.C. Court of Appeals.

It is further recommended that the Complaint be partially summarily dismissed *without prejudice* as to Defendants Sgt. Lawless, Sgt. Lindsey, Lt. Church, Lt. Lasley, Ashley Maddox, and Ann Hallman and as to the request for declaratory judgment.

It is further recommended that the Complaint be served on the remaining Defendants, but that they be directed to respond to all of Plaintiff's allegations except those about constitutional violations in connection with the incident reports, disciplinary charges, or disciplinary hearings that led to Plaintiff's

March 18, 2013 or January 6, 2014 disciplinary convictions or Plaintiff's request for declaratory judgment. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    IT IS SO RECOMMENDED.

April 27, 2015                                                            Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).