UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, #254638, | ) | C/A No. 5:15-cv-00871-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Michael McCall; Florence Mauney; Dennis Bush; Lt. Terry; Major Mursier; Assistant Warden Lewis; Warden Cartledge; Ms. Saltsburg; DHO Glidwell; Coach Rowe; IGC Talbert; Ms. Williams; Sgt. Young; Cpl. Morton, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought a Complaint alleging constitutional violations by Defendants. On June 15, 2015, Defendants filed a Motion to Dismiss, alleging that Petitioner is struck out under the Prison Litigation Reform Act ("PLRA") and attaching numerous documents in support of the Motion. ECF No. 46. As Plaintiff is proceeding pro se, the court entered an order on June 16, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 48. Plaintiff was specifically warned that if he failed to respond, "the court may grant the [D]efendant's motion, which may end your case." *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order Plaintiff failed to respond to Defendants' Motion to Dismiss.

On July 27, 2015, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion to Dismiss by August 27, 2015.

ECF No. 52. Plaintiff filed no response but instead sought an extension of time to file his Response. ECF No. 55. Thereafter, the court granted Plaintiff's Motion for an extension of time and instructed he file a Response no later than September 25, 2015. ECF No. 56. Notwithstanding the specific warnings and instructions set forth in the court's orders, ECF Nos. 52, 56, Plaintiff failed to respond to Defendants' Motion to Dismiss. As such, it appears to the court that he does not oppose Defendants' Motion and wishes to abandon this action.

Based on the foregoing, the undersigned recommends this case be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Having reviewed the filings in this case to date and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Additionally, in connection with the preparation of this Report and Recommendation, the undersigned reviewed the contents of Defendants' Motion, including the orders from other federal district courts provided in support of the Motion. ECF Nos. 46-2 through 46-5, 46-9 through 46-12; *see Hines v. Graham*, 320 F. Supp. 2d 511, 528-29 (N.D. Tex. 2004) ("[A]llowing a prisoner to voluntarily dismiss a complaint . . . after screening has been

completed [to avoid entry of a strike would] allow prisoners to frustrate Congress's intent behind enacting the PLRA."); *Sumner v. Tucker*, 9 F. Supp .2d 641, 644 (E.D.Va. 1998) (same). Three of those orders contain clear findings that the dismissals were entered because Plaintiff's filings in those courts were "frivolous," *see, e.g.*, ECF Nos. 46-2 at 3 (*Bryan v. Defense Technology U.S.*, No. 10cv1771 W (BGS) (S.D. Calif. Nov. 2, 2010)); 46-3 at 3 (*Bryan v. Campbell*, No. 10-882-ST (D. Or. Nov. 3, 2010); 46-5 (*Bryan v. Defense Technology U.S.*, No. 3:10-cv-579-CRS (W.D. Ky. April 27, 2012). Therefore, it is clear that those three orders qualify as strikes under Three Strikes Rule" established by 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 617 (4th Cir. 2013) ("Because [the judgments dismissing a case] expressly stated that [the prisoner's] suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim for which relief could be granted, those dismissals constitute strikes and bar [the prisoner] from proceeding *in forma pauperis* . . . ."); *McLean v. United States*, 566 F.3d 391, 398 (4th Cir. 2009) ("our holding today should not be read to indicate that a dismissal for frivolousness that is rendered without prejudice should avoid a strike designation"); *see also Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

Accordingly, even though the case is recommended for dismissal for failure to prosecute as stated above, the undersigned further recommends that this court now formally recognize for future reference that Plaintiff is struck out under the PLRA's "Three-Strikes Rule." 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED.

October 1, 2015                                                            Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).