IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| T. Terell Bryan,                )    | |
|                                 )    | Civil Action No. 5:15-871 |
| Plaintiff,                      )    | |
|                                 )    | |
| v.                              )    | **ORDER** |
|                                 )    | |
| Michael McCall, Florence Mauney, Dennis ) | |
| Bush, Lt. Terry, Major Mursier, Assistant ) | |
| Warden Lewis, Warden Cartledge, Ms. ) | |
| Saltsburg, DHO Glidwell, Coach Rowe, ) | |
| IGC Talbert, Ms. Williams, Sgt. Young, ) | |
| Cpl. Morton,                    )    | |
|                                 )    | |
| Defendants.                     )    | |
|                                 )    | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On June 15, 2015, Defendants filed a motion to dismiss, asserting that Plaintiff has received "three strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, and he has failed to pay the required filing fee. (ECF No. 46). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Because Plaintiff is proceeding pro se, the magistrate judge issued a *Roseboro* Order directing Plaintiff to respond to the motion to dismiss by July 20, 2015. (ECF No. 48). Plaintiff did not respond. On July 27, 2015, the magistrate judge issued an order stating that Plaintiff's case would be dismissed if Plaintiff failed to respond by August 27, 2015. (ECF No. 52). On August 19, 2015,[1] Plaintiff filed a motion to appoint counsel and for an extension of time to respond. (ECF No. 55). The magistrate judge denied the motion for counsel, but granted the motion for an extension of time, giving Plaintiff until September 25, 2015, to file a response or else his case

---

[1] Pursuant to the "prison mailbox rule," a document is treated as filed by a pro se prisoner when it is delivered to the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (citation omitted).

1

would be dismissed. (ECF No. 56). Plaintiff failed to file a response to the motion to dismiss by that date. On October 1, 2015, the magistrate judge issued a Report and Recommendation ("Report"), recommending that Plaintiff's case be dismissed for failure to prosecute[2] and that the court formally recognize that Plaintiff is "struck out" under 28 U.S.C. § 1915(g). (ECF No. 58). On October 18, 2015, Plaintiff filed timely objections to the Report. (ECF No. 66).

In addition to filing objections, Plaintiff has filed various motions. On October 6, 2015, Plaintiff filed a motion for entry of default, as well as a motion to strike Defendants' answer to the complaint and motion to dismiss. (ECF No. 60). On October 8, 2015, Plaintiff filed a second motion for the appointment of counsel. (ECF No. 62). On October 12, 2015, Plaintiff filed a motion for access. (ECF No. 64). On October 19, 2015, Plaintiff filed a motion to file and serve documents electronically. (ECF No. 69). On November 16, 2015, Plaintiff filed a motion for a psychological evaluation. (ECF No. 76). Defendants have filed a response in opposition to each of the motions. (ECF Nos. 61, 63, 65, 71, 72, and 77).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Pursuant to 28 U.S.C. § 1915(a), "a litigant [can] commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is

---

[2] The court concurs with the finding by the magistrate judge that the case is subject to dismissal for failure to prosecute. However, in light of Plaintiff's assertions that he had difficulty responding to the motion to dismiss due to mental health issues and lack of access to the prison law library, the court has carefully examined his claims and objections.

2

unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (superseded on other grounds). However, § 1915(g) denies the right to proceed *in forma pauperis* to "frequent filers" of frivolous or malicious claims:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915.

In this case, the magistrate judge found that Plaintiff had at least three cases qualifying as strikes under the three-strike rule. (ECF No. 58). As this court recognized in 2013, "Plaintiff is a frequent filer in the federal court system . . . ." *Bryan v. Cartledge*, No. 5:12-3439-TMC, 2013 WL 4056362, at *4 (D.S.C. Aug. 12, 2013). In *Bryan v. Cartledge*, the undersigned granted a motion to dismiss on the basis of the three-strike rule of 28 U.S.C. § 1915(g) because Plaintiff had at least three cases dismissed as frivolous, malicious, or for failing to state a claim. *Id.* at *2.

Plaintiff's objections do not dispute that he has three strikes. (ECF No. 66). Instead, Plaintiff contends that he does not have to pay a filing fee in this case because he alleges that he is in "imminent danger" in his complaint. (ECF No. 66). Therefore, Plaintiff contends that the magistrate judge committed error by recommending dismissal of his case based on the three-strike rule. Defendants filed a reply to the objections, in which they admit that Plaintiff alleges that he is in "imminent danger" at the end of the complaint. (ECF No. 68). However, Defendants assert that a review of Plaintiff's allegations in the complaint fail to support his allegation that he is *actually* in imminent danger. (ECF No. 68).

Section 1915(g) permits the struck-out litigant to proceed *in forma pauperis* when his complaint alleges an "imminent danger of serious physical injury." The imminent danger

3

exception to the three-strike rule "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id.* (quoting *Martin*, 319 F.3d at 1050). Even when the plaintiff includes the term "imminent danger" in his complaint, the court is obligated to determine whether the plaintiff is actually in imminent danger. *See, e.g.*, *Riches v. Olbermann*, No. 6:08-1452-MBS, 2008 WL 2321820, at *4 (D.S.C. May 30, 2008).

The court has conducted a thorough review of the complaint to determine whether Plaintiff is *actually* in imminent danger.[3] Plaintiff's complaint lists sixteen causes of action. The first, second, and third causes of action are based on a breach of contract between Plaintiff and prison officials. (ECF No. 1 at 4–7). The fourth cause of action concerns a prison guard charging him with a violation of prison policy (exhibitionism and public masturbation) in retaliation for Plaintiff filing a grievance against a different prison guard. (ECF No. 1 at 7–8). The fifth cause of action is for defamation, asserting that his disciplinary conviction for exhibitionism and public masturbation was published. (ECF No. 1 at 8–9). In his sixth cause of action, Plaintiff claims that the punishment he received for violating prison policy constituted cruel and unusual punishment because he was unable to talk to or see his family for about nine years. (ECF No. 1 at 10). He asserts that the punishment has put him at "risk to develop symptoms of acute anxiety or other mental health problems" and caused "mental and physical damages." (ECF No. 1 at 15, 18). In his seventh cause of action, Plaintiff asserts that officers

---

[3] Although page numbers provided by Plaintiff in the complaint are not contiguous, no pages appear to be missing.

intimidated him, frivolously charged him, and breached confidentiality in retaliation against Plaintiff for the contract and for filing a grievance against an officer. (ECF No. 1 at 18–19). The eighth cause of action is for "sexual assault." (ECF No. 1 at 19). Plaintiff asserts that a homosexual officer sexually assaulted him by staring at him after he was ordered to leave the shower. (ECF No. 1 at 19–20). The ninth cause of action is based on officers retaliating against Plaintiff because the officers were angry about Plaintiff's contract with the warden. (ECF No. 1 at 20–22). The tenth cause of action is for defamation of and alleged retaliation against Plaintiff. (ECF No. 1 at 22). This claim is again based on his disciplinary conviction for exhibitionism and public masturbation. (ECF No. 1 at 22). In his eleventh cause of action, Plaintiff asserts he was deprived of his due process rights at his disciplinary hearing. (ECF No. 1 at 23–24). The twelfth cause of action is based on him being denied his equal protection rights by having to pay a $25 administrative fee after he files three administrative appeals during a calendar year. (ECF No. 1 at 24–25). In his thirteenth cause of action, Plaintiff asserts that the clerk and the chief administrative law judge violated his due process rights by not assigning a case number to his state court appeal. (ECF No. 1 at 25–26). The fourteenth cause of action is based on Plaintiff being denied access to courts because he cannot pay the $25 filing fee. (ECF No. 1 at 26). The fifteenth cause of action involves a due process rights' violation, which appears to be based on Plaintiff's allegation that mail to the South Carolina Court of Appeals disappeared. (ECF No. 1 at 26, 28). The sixteenth cause of action is based on female guards being discriminated against by the South Carolina Department of Corrections. (ECF No. 28–32).

     On an apparently misplaced page of Plaintiff's complaint, he states that he is in "imminent danger" because he has limited access to mental health counselors, psychologists, and psychiatrists; his eating and sleeping cycles have been disturbed; and the administration of his

medications have been disrupted.  (ECF No. 1 at 27).  In the relief page of his complaint, Plaintiff also states that:

> "IMMINENT DANGER.  At the time I am filing this action I am in 'imminent danger of serious physical injury.'  I am a mental health [inmate] and have been in segregation for about 11 years.  The American Correctional Association ("ACA") standards recognizes the potentially harmful effects of punitive segregation on the mental health of any [inmate]: [inmate] whose movements are restricted in segregation units develop symptoms of acute anxiety.  SCDC's inappropriate & extended reliance on segregation to manage [inmates] with mental illnesses has worsen their mental illness as mine . . . . I have deteriorated mentally.

(ECF No. 1 at 33).

The court finds that, although Plaintiff states he is in imminent danger, his complaint only makes "[v]ague, speculative, or conclusory allegations" of imminent danger.  *See Johnson*, 200 F. App'x at 272 (citation omitted).  Plaintiff makes vague, conclusory allegations that segregation has caused him "mental and physical damages."  (ECF No. 1 at 18).  The court also finds that Plaintiff's allegations concerning the administration of his medications are conclusory and devoid of any supporting facts.  Outside of those conclusory allegations, Plaintiff's complaint can concisely be stated as being based on breaches of a contract and actions taken by prison officials in retaliation related to that contract.  The retaliation, as alleged by Plaintiff, involved finding him responsible for a disciplinary conviction.  The allegations of breach of contract and retaliation do not concern imminent physical harm to Plaintiff, and instead revolve around Plaintiff being segregated from the prison population, losing good time credits, and having his procedural due process rights violated.

And finally, even if Plaintiff had alleged mental harm in a non-conclusive manner, that allegation does not satisfy the requirement that Plaintiff be in "imminent danger of *serious physical harm*."  *See* 28 U.S.C. § 1915(g) (emphasis added); *see also Sutton v. Dist. Attorney's Office, of Gwinnett Superior Court, Georgia*, 334 F. App'x 278, 279 (11th Cir. 2009) (finding

6

that allegations by the plaintiff that his "'illegal sentence and convictions' ha[d] 'endangered his physical health' by 'causing him stress, anxiety, depression, and further his life is deteriorating" was insufficient to invoke the "imminent danger" exception in § 1915(g)).  Because Plaintiff is "struck out" and because Plaintiff's complaint fails to set forth facts sufficient to meet the "imminent danger" exception, the court finds that Plaintiff's complaint should be dismissed unless he pays the necessary filing fee.

As to Plaintiff's motion to appoint counsel (ECF No. 62), that motion is denied.  On August 19, 2015, Plaintiff filed his first motion to appoint counsel.  (ECF No. 55).  The magistrate judge denied that motion on August 25, 2015.  (ECF No. 56).  Plaintiff failed to file timely objections to that order.  *See* Fed. R. Civ. P. 72 (requiring a party to file specific, written objections within fourteen days of an order).  Because Plaintiff failed to file objections to the order denying appointment of an attorney, Plaintiff waived his right to de novo review of that issue.  Finding no clear error in the magistrate judge's order, the court finds that the magistrate judge properly denied the motion for an appointment of counsel.  Even if Plaintiff had filed timely objections, the motion to appoint counsel should be denied.  "There is no constitutional right to counsel in a non-capital federal habeas case." *Dire v. United States*, 990 F. Supp. 2d 583, 585 (E.D. Va. 2013).  The appointment of counsel "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citing *United States v. Madden*, 352 F.2d 792 (9th Cir. 1965)).  The court finds that this case is not exceptional because the underlying claim is not colorable. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating that counsel should be appointed when "a pro se litigant has a colorable claim but lacks the capacity to present it").  As to Plaintiff's allegations about mental health impairing his

7

ability to prosecute the case, the court has thoroughly reviewed Plaintiff's pro se filings in this case and in his other cases,[4] which demonstrate a capacity to present his claims pro se. Therefore, even if Plaintiff had filed timely objections to the magistrate judge's ruling on his motion for counsel, the court would have denied that motion.

As to Plaintiff's motion for a psychological evaluation (ECF No. 76), that motion is denied. Plaintiff claims that he needs a psychological evaluation to prove his damages. (ECF No. 76 at 2). Plaintiff also wants to know who the psychologist is at Lieber Correctional Institution. (ECF No. 76 at 2). Defendants oppose Plaintiff's motion because his case is meritless and because he does not need a court order to receive a psychological examination. (ECF No. 77). To the extent that Plaintiff seeks a court ordered medical examination pursuant to Fed. R. Civ. P. 35, that motion is denied. *See Swain v. Doe*, No. 3:04-cv-1020, 2007 WL 5529401, at *2 (D. Conn. Aug. 21, 2007) ("Rule 35, Fed. R. Civ. P., does not authorize a party to file a motion for his own physical examination."); *see also Kendrick v. Frank*, No. 05-C-0976, 2007 WL 2207907, at *2 (E.D. Wis. July 30, 2007) ("It is not necessary for plaintiff to obtain a court order if he wishes to have himself examined."). However, liberally construing Plaintiff's motion, it appears that Plaintiff is arguing that he has been denied his Eighth Amendment right to adequate medical care. (ECF No. 76). Plaintiff has attached his grievances to the motion. (ECF No. 76-1). A review of the grievances shows that Plaintiff has received psychological treatment.

---

[4] Petitioner is a frequent filer of cases throughout the United States. *See, e.g.*, *Bryan v. Defense Technology U.S.*, No. 10-cv-1771 (S.D. Cal. Nov. 2, 2010); *Bryan v. Campbell*, No. 10-882 (D. Ore. Nov. 3, 2010). In the District of South Carolina, Petitioner has filed multitudinous cases. *See, e.g.*, 4:04-CV-01223-TLW, 4:04-CV-01553-TLW, 4:04-CV-01850-TLW, 4:04-CV-01851-TLW, 4:04-CV-01852-TLW, 4:04-CV-01853-TLW, 4:04-CV-01854-TLW, 4:04-CV-02355-TLW, 4:04-CV-02361-TLW, 4:04-CV-02362-TLW, 4:04-CV-02363-TLW, 4:04-CV-02364-TLW, 4:04-CV-02365-TLW, 4:04-CV-22235-TLW, 4:04-CV-22260-TLW, 4:05-CV-00289-TLW, 4:05-CV-1056-TLW, 4:05-CV-01154-TLW, 4:05-CV-01729-TLW, 4:05-CV-01730-TLW, 4:06-CV-03047-TLW, 4:06-CV-03358-TLW, 4:05-CV-02014-TLW, 4:07-CV-00021-TLW, 4:08-CV-01590-TLW, 4:08-CV-03538-TLW, 1:08-CV-03556-TLW, 4:09-CV-02117-TLW, 4:10-CV-00027-TLW, 1:10-CV-01977-TLW, 1:10-CV-02106, 5:14-cv-3627, 5:15-cv-1483. The court may take judicial notice of such orders. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

The response from a staff member on a request-to-staff form states that Plaintiff has "been assessed by the psychiatrist and placed on medication." (ECF No. 76-1 at 5). Plaintiff filed a step-1 grievance, requesting to see a psychiatrist. (ECF No. 76-1 at 8). The Warden denied the grievance as Plaintiff had been seen by a psychiatrist on April 17, 2014, and on July 23, 2014, and because Plaintiff had received further mental health treatment by an additional psychiatrist. (ECF No. 76-1 at 9). In Plaintiff's step-2 grievance form, he requested a psychological assessment. (ECF No. 76-1 at 6). The decision and reason in response states that: "Per Mental Health records, you are currently classified as Outpatient Mental Health (MH-4) being treated for Unspecified Disruptive Impulse Control and Conduct Disorder and assessed per Mental Health Policy as required." (ECF No. 76-1 at 6).

The court finds that Plaintiff has failed to allege with specificity any facts showing that there is a likelihood that he will suffer "imminent serious physical injury." *See Warner*, 200 F. App'x at 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting *Martin*, 319 F.3d at 1050)). Even if Plaintiff had provided specific factual allegations of imminent physical harm, the court would find that Plaintiff has failed to set forth sufficient facts to state an Eighth Amendment claim for deliberate indifference to his mental health needs. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) ("'Deliberate indifference is a very high standard—a showing of mere negligence will not meet it' . . . . '[D]eliberate indifference requires a showing that the defendants *actually knew of* and *disregarded* a substantial risk of serious injury to the detainee or that they *actually knew of* and *ignored* a detainee's serious need for medical care.'" (quoting *Young v. City of*

*Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)) (emphasis in the original)).

## Conclusion

Therefore, after a thorough review of the Report and the record in this case, the court adopts the Report (ECF No. 58) and incorporates it herein. Therefore, Defendants' Motion to Dismiss (ECF No. 46) is **GRANTED;** and the order granting Plaintiff's motion to proceed *in forma pauperis* (ECF No. 21) is **RESCINDED,** and Plaintiff shall have fifteen (15) days from the date of this order to pay the $350 filing fee.  It is further **ORDERED** that, in the event the Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED** without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk shall enter final judgment. Moreover, Plaintiff's motion for appointment of counsel (ECF No. 62) and motion for a psychological evaluation (ECF No. 76) are **DENIED**.  Plaintiff's motion to strike the motion to dismiss and answer to the complaint (ECF No. 60), motion for access (ECF No. 64), and motion to file and serve electronically (ECF No. 69) are all **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 10, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.